**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| RACHEL A. HANLEY, | Case No.: 1:26-cv-10575-DJC |
| Plaintiff, | |
| v. | **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC; and SANTANDER BANK, N.A., | |
| Defendants. | |

Plaintiff Rachel A. Hanley ("Plaintiff") and Defendant Santander Bank, N.A. ("Santander") (herein referred as "the Parties")[1], pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), move for the entry of the Protective Order filed concurrently with this motion.

This is an action arising out of alleged violations of the Fair Credit Reporting Act in which Plaintiff has alleged the erroneous reporting of Plaintiff's financial history. Many of the documents expected to be produced over the course of the discovery process in this case contain private and confidential personal and financial information related to Plaintiff, as well as confidential and proprietary information belonging to Defendants that could be used by Defendants' competitors to gain an unfair advantage. The Parties therefore respectfully request the entry of the attached Protective Order to protect information already disclosed or information to be disclosed in the future in the discovery process.

//

---

[1] Defendant Equifax Information Services, LLC and Plaintiff have resolved the matters between them in principle and a Notice of Settlement has been filed on May 28, 2026. *See* Docket No. 23.

1

## **MEMORANDUM OF LAW**

The First Circuit has recognized that,

> District judges need wide latitude in designing protective orders, and the Federal Rules of Civil Procedure reflect that approach. Rule 26(c) generously permits "for good cause shown" the making of "any order which justice requires" to protect against annoyance, embarrassment or undue burden occasioned by discovery. The district court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984), and great deference is shown to the district judge in framing and administering such orders. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 102 L. Ed. 2d 970, 109 S. Ct. 838 (1989); 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2036 (1970).

*Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993).

Here, the information and documents that will likely be sought in discovery as this case progresses include private and confidential information concerning Plaintiff and Defendants. In addition, the information and documents will include confidential and proprietary information concerning Defendants' processes for obtaining, maintaining, and using consumer information, as well as Defendants' Fair Credit Reporting Act compliance procedures. Rather than burdening the Court and delaying discovery in this case by objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to designate certain information as confidential. In the event that either of the Parties disagree at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the designating party may seek appropriate relief from the Court as outlined in the Protective Order and pursuant to this Court's local rules and practices.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

Respectfully submitted this 29th day of May 2026.

/s/ Levi Y. Eidelman
Levi Y. Eidelman
*admitted pro hac vice*
**CONSUMER JUSTICE LAW FIRM**
72-47 139th Street
Flushing, New York 11367
T: (718) 360-0763
E: leidelman@consumerjustice.com

Nicola S. Yousif, MA Bar No. 679545
**SHIELD LAW, LLC**
157 Belmont Street
Brockton, Massachusetts 02301
T: (508) 588-7300
E: nick@shieldlaw.com

*Attorneys for Plaintiff Rachel A. Hanley*

/s/ Matthew A. Kane
Matthew A. Kane
**LAREDO, SMITH & KANE, LLP**
101 Federal Street, Suite 650
Boston, Massachusetts 02110
T: (617) 443-1100
E: kane@laredosmith.com

Melissa E. King
**SMITH KANE LLP**
101 Federal Street, Suite 650
Boston, Massachusetts 02110
T: (617) 443-1100
E: king@smithkanellp.com

*Counsel for Defendant Santander Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

By: */s/ Lila M. Reyes*
Lila M. Reyes

3